Case 15-3566 U.S.A. v. Jesse Pawlak Barrel argument not to exceed 15 minutes per side Ms. Vanessa Malone for the appellant Thank you Good morning, Your Honors. May you please support My name is Vanessa Malone and I have been appointed to represent Jesse Pawlak here as the appellant And I'd like to reserve four minutes for the vote Thank you Initially I'd like to request basically what we requested in the brief which is a remand based upon the fact that Jesse Pawlak was assigned a base offense level under 2K2.1 of the United States Sentencing Guidelines that is no longer applicable based upon the Supreme Court case in Johnson v. United States decided to end in June of 2015 Mr. Pawlak had two- But Johnson's not right on fours with this because that involves the statute, the armed criminal career statute and you want to apply Johnson, which is a statutory decision, to the guidelines Right? That's correct, Your Honor So you can't rest totally on Johnson You want to use the rationale of Johnson to apply to the guidelines That's correct And based upon the decisions that have been issued by this court and several other courts in the United States regarding the effect of Johnson on the definition of crime of violence as it relates to the residual clause under the ACCA and its counterpart, the Sentencing Guidelines 4B.1.2 which mimics the residual clause under Johnson and it's also the crime of violence definition that is used in 2K2.1 And based upon that series of events Mr. Pawlak states that his burglary conviction under Ohio Revised Code 2111.12A.3 which was obtained in 2006 has been found by this court and by subsequent courts and district courts since Johnson to not be a violent felony under the residual clause of the ACCA Ms. Malone, even if I were to agree with you that the rationale of Johnson statute should apply to the guidelines isn't this panel bound by our prior published decisions including United States v. Smith from 1996 which hold that the guidelines are not subject to a vagueness constitutional challenge and those decisions, as far as I can tell, have not been overruled and therefore bind us, do they not? The decisions would bind this court, Your Honor but there have been subsequent decisions that have not specifically come out and said that the guidelines are subject to vagueness challenges however, in Pew, the Supreme Court has said that It's an ex post facto Right, it is an ex post facto It's not a vagueness challenge and I understand that the rationale there that holds that the guidelines are subject to an ex post facto constitutional challenge might be applied in maybe a vagueness constitutional challenge but we don't know but getting back to our prior decisions have not been overruled by our court, have they? The prior decisions in United States v. Coleman which was a case that decided whether or not the burglary conviction under Ohio Revised Code 2911-1283 was a violent felony has been overturned and Mr. Coleman has been resentenced based upon the fact that that prior burglary conviction is no longer a crime of violence Granted, Mr. Coleman was an ACCA client of ours however, we believe that because the definition and because the actual crime of burglary has been determined in subsequent courts after Johnson in the last six months has been found not to be a violent felony for purposes of either 2K2.1 or for cases that Other courts, what are you referring to? Other courts, meaning the district courts who have been deciding 2255s based upon burglary convictions that have been either Which courts are these? District courts in our circuit? District courts in the Northern District of Ohio I'm familiar with several In fact, I represented one individual Okay, that's persuasive but certainly not binding And also the fact that Mr. Coleman had a There was a decision placed in I'm sorry There was an appellate decision that reversed It was on direct appeal It wasn't 2255 that reversed the finding of a burglary conviction and I believe the case was Darden if I'm not mistaken Darden is a very brief unpublished article Right, it is a brief unpublished article Article 4 of which just says it deserves the same relief and sends it back so it does say that Right And Mr. Pollack submits that he should be able to depend upon those recent decisions that have found that the 291112 under the Ohio statute is no longer a crime of violence because it has always been recognized to be under residual clause which, as we know from Johnson is no longer a viable crime of violence under the ACCA And in addition the government has indeed conceded that Mr. Pollack should be resentenced based upon the fact that burglary has been since Johnson Granted, there are no published opinions from this circuit stating that the burglary convictions under the Ohio revised code are no longer a crime of violence Do we have to accept the government's concession in this case? No Do we have discretion to not? This court is free not to accept the government's concession We think their concession is contrary to the law We should not accept it Well, correct, your honor However, there have been very little case law that has been developed since Johnson that will provide support for continuing to identify the burglary conviction as a crime of violence given the fact that this court has consistently prior to Johnson identified burglary under the subsection A3 as a residual clause crime of violence And whether or not the cases whether or not Johnson applies whether or not the residual clause under 4B1.2 the career offender is insufficient I think that the actions of the sentencing commission is very telling because the commission right after Johnson immediately recognized the problems that they had with 4B1.2 The amendments by the sentencing commission are not in effect yet That is correct I understand and I'm not sure have they been submitted to Congress I don't believe they've been submitted They have been published and they said and if I remember correctly the commission stated that they would go into effect barring any congressional objection but not until August So they're not in effect No, they're not in effect but I think that they are persuasive Well, could the sentencing commission they could have given a similar effect could they not or could they not Well, the fact that it's going to whether or not the new amendment to 4B1.1 is retroactive is up for grabs at this point The commission has requested comment as to whether or not they should Have they proposed it be retroactive? No, they haven't proposed it Is that telling? That they don't If it's not retroactive then it seems like the old guidelines would apply Well, the old guidelines would apply if Mr. Pollack was on 2255 if he was post-conviction Right now his case is still pending Therefore, whether or not the guidelines apply retroactively or not is not dispositive for Mr. Pollack With respect to this particular crime on remand, is it possible that the district court could find that it was a crime of violence under one of the other clauses I mean, sometimes in the past district judges have just gone to the residual clause because that's easier So would that be something that would be open before the district court if we did remand? Well, that would be open only if Ohio had defined their burglary statute differently Ohio has a broad definition of what an uncomplied structure is I'm not asking you to argue it to us to decide that I'm just saying in a procedural matter would the court hear your argument that you're about to give us and then either agree with it or not? I don't believe that the court would have the option of not agreeing that it is a crime of violence based upon the fact Courts usually think they have more options than you think, right? Well, we always hope that they believe that they have more options than they do Lawyers try to narrow the options One of the reasons I raise that is that Darden itself makes mention of two cases that the Supreme Court remanded to other circuits Maldonado and Beckles and I don't know if you've looked at those but recently Maldonado in the last week or so the Second Circuit has come down strongly on your side In Beckles they found it was a different case but they found that it was a crime of violence under another section That was one reason that I raised that because that's what happened in a particular case Well, I think that Mr. Pollack is not subject to such an inquiry based upon the fact that his under the modified categorical approach his sentencing and his plea of guilty to the state court conviction was a plea to the A3 subsection of 229.11.1.2 which specifically states that it's a burglary of an occupied structure that may or may not So I don't think that even in a greater review of his actual prior conviction that it would be optional Yeah, Mr. Blow the remedy you're asking for your brief is not just a remand You're asking at page 31 that we vacate the sentence and remand for re-sentencing That's the remedy, right? Vacate the sentence and remand because the guidelines aren't there Remand for re-sentencing That's correct Alright, the Supreme Court remands to the circuit courts were not for re-sentencing were they not? They were remands for consideration of the effect of Johnson but they did not specifically direct re-sentencing, did they? And The Supreme Court remands to the courts of appeal That's correct They didn't remand for re-sentencing It was just for determination by the courts of appeal on the legal issue of the effect of Johnson as to the guidelines not necessarily for re-sentencing That's correct Okay, here I suppose we could remand to the district court to have the district court make an opinion as to whether Johnson applies to the guidelines to make that legal determination However I don't see the point of it The issue has been fully briefed and is before us and I don't think that we could make that legal determination However do you think there's value of having the issue moved upon first by the district court to see Well, I I believe that this court is able to make the decision based upon the fact that there is nothing else for the district court to decide should this court believe that burglary is no longer a crime of violence The request for remand was based upon not only the four levels added to his base offense level but also the four levels that was added under 2K2.1B5 which was the trafficking And that also Can we remand for re-sentencing  that the sentence is unlawful Can we I think you We can remand for a determination of a legal issue That's correct Of course But can we vacate a lawful sentence and remand for re-sentencing without finding that the sentence was unlawful I believe that this court can remand for re-sentencing based upon the fact that the guideline was not calculated properly And under 3553A7 that's one of the first steps that you have to do is you have to calculate a correctly calculated guideline Under any case Therefore I do believe this court has the authority to say District Court This is the problem This prior crime of violence is no longer a crime of violence Or this court can say I'm sending this back for a general remand and let's do it all over again based upon what we know now And It would be Mr. Pollack's preference to have a remand based upon it would be a limited remand Instructing the court that as a matter of law under 291112 that burglary conviction is no longer a crime of violence Thank you I'm sorry Good morning My name is Jason Katz and I represent the United States of America The Northern District of Ohio on this appeal As has been previously discussed the first issue before the court is whether or not the sentencing error had occurred by the court Unbeknownst to the court prior the sentencing proceeding was prior to the Supreme Court's decision in Johnson Subsequent to the sentencing Johnson came out finding as this court has discussed that the residual clause of the guidelines position is conceding error on this point because the guidelines have a very similarly worded clause that has been found to be unconstitutional in the ACCA context and we believe that it is also unconstitutional in the guidelines context and therefore applying the unconstitutionality to Mr. Pollock's sentence there is a initial step in the sentencing proceeding is determining the proper guideline that first step has some error because of the unconstitutional and therefore the government is conceding error requesting that this matter be remanded back to the district court for a resentencing line If we were to agree with you on the first issue isn't the second issue as to the alleged error and the enhancement isn't that issue removed if there's going to be a resentencing? I think you can remand for the limited purpose of recapping the guidelines you can find that the district court properly determined that Why would we address the issue if the sentence is going to be vacated and there's going to be resentencing why would we hold that part of the calculation of that illegal sentence was valid or not? Wouldn't that be an advice? I don't think so judge I think as we previously discussed in talking to opposing counsel it's already been briefed it's already before the court the management litigated If the sentence is  be vacated it's already before the court and I believe the court can make a determination so we don't end up back here again in 8 months or 12 months If we remand the nature of the remand we can have a limited remand that says only worry about the crime of violence issue or we can have a general remand that says look at everything We've done both of those in past cases I think both options are the crime of violence part as I said to your colleague at least as a technical matter if we were to say that the residual clause of the guidelines is vague would it still be open to the judge or to the U.S. to argue that based on some other clause part of the guidelines it was still the crime of violence I think legally I think the wording would have a lot to say on how you chose but I believe just because it didn't fall under the residual  doesn't mean it doesn't fall into another clause I think the U.S. could look at that and determine whether or not it believes the burglary could fit into one of the other ways despite the easier way was that there   was  other clause that would apply I think this court has also read the armed criminal act in conjunction with the offender and the firearms wouldn't the proper way analytically to look at this be to look at                       this case in 2K2.1 instructs courts to look to the career offender guideline to determine whether or not a person has a prior crime of violence the fact that the career offender guideline at this point no court in the state has objected to rejecting the application of the crime of violence definition when they have a burglary condition just because it's the way the Ohio statute is written and I think that for this court to say we can't decide it because the guidelines are not subject to a vagueness challenge will put all of the cases that have been decided since Johnson especially in the district court who's been either on remand or direct sentencing from a conviction it will put all those cases in limbo so although judges do what they do and the government doesn't appeal it doesn't matter what happens is that you're left with a huge amount of uncertainty so possibly judge Griffin this would be an opportunity for the en banc court to make a decision as to whether or not Johnson has any impact on the definition of crime of violence if this case was remanded quite possibly it wouldn't be resentenced until after the sentencing commissions amended 4b 1.1 this issue and if that's the case this issue becomes moot because the commission has taken out completely burglary from the definition of crime of violence under the new version the intended version of 4b 1.2 so that's exactly right but that's what I'm saying your question is that based upon the fact that the commission has completely gotten rid of burglary even though the ACCA indicates to us that the rational behind crime of violence applies and for those reasons we do request a limited remand thank you thank you that case will be submitted hopefully following